IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,

  vs.

BARBARA MURRAY, et al.,

    Defendants.

No. CIV S-06-1701-LKK-CMK

ORDER

    Plaintiff, who is proceeding pro se, brings this action for damages, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Pending before the court is plaintiff's complaint (Doc. 1), filed on August 2, 2006.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening

---

[1] The court does not necessarily accept that it has diversity subject matter jurisdiction. Based on the dockets in plaintiff's other cases in this district, the Court notes that, while plaintiff asserts that he is a citizen of Oregon, he has lived continuously in Yreka, California, for a number of years.

1  provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or
2  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
3  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and
4  1915A(b)(1), (2).  Because no defendant in this case is a governmental entity or officer or
5  employee, and because plaintiff has been granted leave to proceed in forma pauperis, the court
6  will screen the complaint pursuant to § 1915(e)(2).

   Plaintiff recites the following factual "overview" in his complaint:

> On or about May 20th, 2006, Plaintiff Harrell, while located in Yreka, California, within the County of Siskiyou, and pursuant to this contract with Kimberly Olson, was perusing the real estate section of the local paper in search of improved housing for Ms. Olson.  Therein he located an advertisement by Defendant Murray for a "home" located in Etna, CA, within the County of Siskiyou.
>  Upon Plaintiff's instruction, Olson called the number listed in the advertisement, and arranged to meet with the owner (Defendant Murray), for inspection of the premises and application to rent.
>  Olson met with Defendant Murray at the rental premises, where she was told by Murray that the property was Defendant Murray's "family home," and was thus very important to Murray, that the dwelling had recently undergone a great deal of remodeling and improvement to improve its safety and habitability, and that numerous other defects, including severely peeling paint, caulking, defective roofing, and other problematic weatherization features, would be repaired in the near future. Defendant Murray also indicated that she would be providing yard care for the property.  Relying on these representations by Murray, Olson entered into a rental agreement with her.
>  Some weeks later, while moving Olson into the 305 Main St., Etna, CA premises, Plaintiff Harrell noted some defects in the wiring that rendered the premises unsafe.  Over the next several weeks, when his contractual duties to Olson compelled his presence at the rental premises, Plaintiff undertook to thoroughly inspect the property and premises, finding numerous habitability defects, including severely decayed foundation members; faulty wiring; permeable counter surfaces in the kitchen; improper ventilation; broken window mechanisms, and lack of screens in some windows; unsafe and collapsing flooring; infestations of termites, carpenter ants, and other insects; a lack of garbage cans, and several other substandard conditions and violations of the habitability requirements for rentals as detailed in California Civil Code Sections 1941, et seq.
>  Plaintiff, pursuant to his contract with Olson, detailed some of his findings in a letter to Defendant Murray, introducing himself as Olson's caregiver and agent, notifying her of the problems, and asking on Olson's behalf to have the habitability defects repaired.

1	   Defendant Murray's response to this notification was to send Olson emails, and leave a message on Olson's answering machine to the effect that Olson should vacate the premises immediately because "my family home does not meed your needs."
   Plaintiff's response to Murray's instruction to Olson to vacate the premises was a detailed explanation of the legal obligations pursuant to state law and contract that devolves upon landlords regarding habitability issues of rentals.  Plaintiff further advised Defendant Murray that he had instructed Olson to file complaints with the Building and Health Departments.
   Defendant Murray, in violation of those provisions of state law prohibiting retaliatory acts and evictions against those making complaints regarding the habitability of rental dwellings, then moved to terminate the tenancy of Olson, and also served a 30-day notice pursuant to California Civil Code Section 1946 upon Plaintiff.

Plaintiff states that these facts give rise to the following state law claims: (1) unfair business and trade practices; (2) intentional interference with performance of contract; (3) attempted and actual interference with economic advantage; (4) willful infliction of emotional distress; (5) willfully maintaining a nuisance; (6) breach of contract and warranty; and (7) willful negligence.  Plaintiff does not allege any federal law claims.  Plaintiff seeks compensatory and punitive damages.

   Based on the allegations in the complaint, it appears that plaintiff does not have standing to pursue this action.  Specifically, plaintiff states that Olson – not he – entered into the rental agreement with defendant Murray.  Plaintiff does not allege that he was a co-tenant or otherwise a party to the rental agreement.  Moreover, because plaintiff has not attached a copy of the rental agreement, he cannot establish the existence of a contract for his breach of contract claim.  Finally, plaintiff has not attached any documents establishing any legal right to bring this action on Olson's behalf (such as, for example, an order appointing plaintiff Olson's guardian or conservator).  To the extent plaintiff is attempting to represent Olson as her advisor or counsel, pro se litigants may not represent anyone other than themselves.  See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995).

/ / /

/ / /

3

1       Plaintiff will be provided the opportunity to amend the complaint in light of the
2 foregoing observations.  Plaintiff is cautioned that failure to file an amended complaint may
3 result in dismissal of the entire action for lack of prosecution and failure to comply with court
4 rules and orders.  See Local Rule 11-110.
5       Accordingly, IT IS HEREBY ORDERED that:
6       1.     Plaintiff's complaint is dismissed with leave to amend; and
7       2.     Within 30 days of the date of this order, plaintiff shall file a first amended
8 complaint.

10 DATED:  November 27, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4